# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| JOHN MARCUS SOMMERS; LEE SOMMERS, | ) )  ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| GARY MYERS, | ) ) ) |
| Defendant. | ) |

Case No. 5:23-cv-06128-RK

## ORDER

This action arises from three alleged violations of the Fair Debt Collection Practice Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Defendant Gary Myers moves to dismiss the amended complaint on the basis that Plaintiffs did not file their claims within the applicable statute of limitations, and, alternatively, that they fail to state claims for FDCPA violations. (Doc. 16.) The motion is fully briefed. (Docs. 16, 20, 21.) After careful consideration, the Court **ORDERS** that Defendant's motion is **GRANTED in part** and **DENIED in part** as follows: (1) as to Plaintiffs' 15 U.S.C. §§ 1692e(11) and 1692c(b) claims, the motion is **GRANTED** and those claims are **DISMISSED**; and (2) as to Plaintiffs' 15 U.S.C. § 1692g claim, the motion is **DENIED**.

### Background[1]

Defendant, a licensed Missouri attorney, represented Stonecrest Homeowner's Association ("Association") in a debt collection action to collect overdue Association fees attributed to Plaintiff John Sommers' residence located at 11 Stonecrest in St. Joseph, Missouri. (Doc. 9 ¶¶ at 2, 12.) At the Association's May 2021 annual meeting, John Sommers registered with the Association as "resident and owner of 11 Stonecrest," and he paid annual dues for 2020 and 2021. (*Id*. at ¶ 23.) John Sommers thereafter became indebted to the Association for annual dues and fines in the amount of $234. (*Id.* at ¶ 24.)

On October 1, 2022, Defendant sent a letter requesting payment of the debt ("Initial Communication"). (*Id.* at ¶ 27.) The letter was sent via certified mail to Plaintiff Lee Sommers

---

[1] The Court accepts the well-pleaded facts in the amended complaint as true. *Sanzone v. Mercy Health*, 954 F.3d 1031, 1037 (8th Cir. 2020); *Meiners v. Wells Fargo & Co.*, 898 F.3d 820, 821 (8th Cir. 2018).

(rather than John Sommers) at Lee's address in Rea, Missouri. (*Id.*; Ex. A.) Lee Sommers "served as guardian and conservator for the former owner of the residence at 11 Stonecrest" until October 11, 2019.[2] (*Id.* at ¶ 4.)

On October 3, 2023, Plaintiffs filed their complaint alleging violations of §§ 1692f(11), 1692c(b), and 1692h of the FDCPA associated with the debt collection by Defendant. (Doc. 1.) On March 15, 2024, Plaintiffs filed an amended complaint, alleging that Defendant violated the FDCPA by: (1) failing to provide a disclosure in the Initial Communication on October 1, 2022, in violation of 15 U.S.C. § 1692e(11); (2) communicating with Lee Sommers concerning "consumer debt" owed by John Sommers in violation of 15 U.S.C. § 1692c(b); and (3) "failing, within five days of [Defendant's] Initial Communication on October 1, 2022, with [Plaintiffs] to provide either Plaintiff with the appropriate disclosure informing Plaintiffs of their right to seek verification of the alleged debt Plaintiff owed to Association as required by" 15 U.S.C. § 1692g.[3] (Doc. 9 at ¶¶ 34-36.)

**Legal Standard**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A district court "accepts the allegations contained in the complaint as true and draws all reasonable inferences in favor of the nonmoving party." *Cole v. Homier Distrib. Co.*, 599 F.3d 856, 861 (8th Cir. 2010) (cleaned up). In doing so, however, a district court is not bound to accept as true "legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) (citation omitted). Plausibility is assessed "considering only the complaint and materials that are 'necessarily embraced by the pleadings and exhibits attached to the complaint.'" *Meardon v. Regiser*, 994 F.3d 927, 934 (8th Cir. 2021) (quoting *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003)).

---

[2] The amended complaint does not identify the former owner.
[3] Defendant moved to strike Plaintiffs' amended complaint as untimely under Rule 15(a)(1), and the Court denied Defendant's motion, concluding that the amended complaint was properly and timely filed under Rule 15(a)(1)(B) as a matter of course. (Doc. 15.)

**Discussion**

Defendant asserts Plaintiffs' claims must be dismissed because they were not filed within the applicable statute of limitations period. Alternatively, Plaintiff moves for dismissal for failure to state a claim upon which relief may be granted.

### I. Statute of Limitations

The statute of limitations for FDCPA actions is set forth in 15 U.S.C. § 1692k(d), which provides:

> **(d) Jurisdiction**
>
> An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.

(Emphasis in original). The parties agree that Plaintiffs' claims are subject to two different limitations periods, as they allege FDCPA violations which occurred or accrued on separate dates. Separate communications, or omissions of statutorily-required communications, "can create separate causes of action arising from collection of a single debt." *Demarais v. Gurstel Chargo, P.A.*, 869 F.3d 685, 694 (8th Cir. 2017) (citing *Solomon v. HSBC Mortg. Corp.*, 395 Fed. Appx. 494, 497 (10th Cir. 2010)). As a result, "each alleged violation of the FDCPA is evaluated individually to determine whether any portion of the claim is not barred by the statute of limitations." *Id.* (cleaned up).

Plaintiffs' complaint was originally filed on October 3, 2023. Regarding Plaintiffs' 15 U.S.C. §§ 1692e(11) and 1692c(b) claims ("Initial Communication claims"), which relate to Defendant's Initial Communication sent to Lee Sommers on October 1, 2022, it is undisputed that Plaintiffs were required to file their claims on or before September 30, 2023. *See Mattson v. U.S. W. Commc'ns, Inc.*, 967 F.2d 259, 261-62 (8th Cir. 1992) (where the alleged FDCPA violation occurred on November 27, 1989, the plaintiff had until November 26, 1990, to file their claim, because the statute required the claim to be brought "*within* one year from the date on which the violation occurs" and Rule 6(a)'s exclusion of the date of the alleged violation from computation of limitations period was not applicable). Plaintiffs concede that their Initial Communication claims are time-barred, and they consent to dismissal of those claims. Accordingly, Defendant's motion to dismiss Plaintiffs' Initial Communication claims is **GRANTED**.

3

With respect to Plaintiffs' 15 U.S.C. § 1692g claim, which alleges that Defendant failed to provide the appropriate disclosure informing Plaintiffs of their right to seek verification of the debt within five days after the Initial Communication as required by the 15 U.S.C. § 1692g(a)(4), it is also undisputed that the statute of limitations expired on October 6, 2023. After sending the Initial Communication on October 1, 2022, Defendant had until October 6, 2022, to send the 15 U.S.C. § 1692g(a)(4) notice. *See* 15 U.S.C. § 1692g(a) ("Within five days after the initial communication . . . a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt[.]"). Thus, the violation of 15 U.S.C. § 1692g occurred on October 7, 2022, when Defendant had not timely transmitted the required disclosure. Therefore, the statute of limitations expired on October 6, 2023. *See Mattson*, 967 F.2d at 261-61. Because the original complaint was filed on October 3, 2023, it would appear that Plaintiffs' claim is timely; however, Defendant argues that Plaintiffs' 15 U.S.C. § 1692g claim was asserted for the first time in their amended complaint, filed March 15, 2024. Defendant asserts that because the claim does not relate back to the filing of the original complaint under Rule 15(c)(1)(B), the 15 U.S.C. § 1692g claim is also untimely. The Court disagrees.

Rule 15(c)(1)(B) provides that an amendment relates back to the filing of the original pleading when it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." The rationale behind the Rule is that "a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide." *Maegdlin v. Int'l Assoc. of Machinists & Aerospace Workers, Dist. 949*, 309 F.3d 1051, 1052 (8th Cir. 2002) (quoting *Baldwin Cnty. Welcome Ctr. v. Brown,* 466 U.S. 147, 149-50 n.3 (1984)). "It is the facts well pleaded, not the theory of recovery or legal conclusions, that state a cause of action and put a party on notice." *Id.* at 1053 (quoting *Hopkins v. Saunders,* 199 F.3d 968, 973-74 (8th Cir. 1999)).

In paragraph 27 their original complaint, Plaintiffs coherently pled that Defendant "violated the FDCPA by failing within five days of Myers' Initial Communication on October 1, 2022 with [Plaintiffs] . . . to provide either Plaintiff with the appropriate disclosure informing Plaintiffs of their right to seek verification of the alleged debt Plaintiff owed to Association as required by . . . 15 USC 1692h." (Doc. 1 ¶ 27.) Plaintiffs' amended complaint reiterates the exact factual allegation in paragraph 34, but the provision of the FDCPA cited is changed from § 1692h

4

to § 1692g.  (Doc. 1 at ¶ 27, Doc. 9 at ¶ 34.)  Thus, the amended 15 U.S.C. § 1692g claim plainly asserts a claim "that arose out of the conduct, transaction [and] occurrence set out—or attempted to be set out—in the original pleading."  Rule 15(c)(1)(B).  Defendant does not suggest that the apparent typographical error in the original complaint failed to provide him with adequate notice.  Nor would the Court so hold, as the intent of the complaint was clear.  Defendant was put on notice concerning the factual allegation that he failed to provide appropriate disclosures required by 15 U.S.C. § 1692g, as well as the relevant time period of that occurrence.

Accordingly, Plaintiffs' 15 U.S.C. § 1692g is not barred by the statute of limitations set forth in 15 U.S.C. § 1692k(d).  Defendant's motion to dismiss Plaintiffs' 15 U.S.C. § 1692g claim based on expiration of the statute of limitations is **DENIED**.

## II. Defendant's Motion to Dismiss for Failure to State a Claim

Defendant alternatively argues that Plaintiffs' 15 U.S.C. § 1692g claim should be dismissed for failure to state a claim upon which relief can be granted because Plaintiffs have not plead sufficient facts demonstrating Defendant is a "debt collector" under the FDCPA.

To prevail on a FDCPA claim, a plaintiff must plead: "(1) he has been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a debt collector under the [FDCPA]; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA."  *Pace v. Portfolio Recovery Assocs., LLC*, 872 F. Supp. 2d 861, 864 (W.D. Mo. 2012).  15 U.S.C. § 1962(a)(6) defines "debt collector" with two alternative tests:

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or *who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.*

(Emphasis added.)  Plaintiffs allege Defendant falls under the second test, or the "regularly collects" definition.  *Reygadas v. DNF Assocs., LLC*, 982 F.3d 1119, 1122 (8th Cir. 2020).

"Although initially exempted from the FDCPA's definition of 'debt collector,' lawyers who regularly, through litigation, attempt to collect consumer debts on behalf of their clients are debt collectors governed by the FDCPA."  *Smith v. Stewart, Zlimen & Jungers, Ltd.*, 990 F.3d 640, 644 (8th Cir. 2021) (cleaned up).  The Supreme Court and Eight Circuit have yet to determine what constitutes "regularly" engaging in debt collection under the FDCPA; however, the Second Circuit has held that "the question of whether a lawyer or law firm 'regularly' engages in debt collection

5

activity within the meaning of § 1692a(6) of the FDCPA must be assessed on a case-by-case basis in light of factors bearing on the issue of regularity." *Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti*, 374 F.3d 56, 62 (2d Cir. 2004). *Goldstein* identified several non-exclusive factors relevant to the determination:

> (1) the absolute number of debt collection communications issued, and/or collection-related litigation matters pursued, over the relevant period(s), (2) the frequency of such communications and/or litigation activity, including whether any patterns of such activity are discernable, (3) whether the entity has personnel specifically assigned to work on debt collection activity, (4) whether the entity has systems or contractors in place to facilitate such activity, and (5) whether the activity is undertaken in connection with ongoing client relationships with entities that have retained the lawyer or firm to assist in the collection of outstanding consumer debt obligations. . . . Whether the law practice seeks debt collection business by marketing itself as having debt collection expertise may also be an indicator of the regularity of collection as a part of the practice.

*Id.* Several district courts within the Eighth Circuit, as well as other circuit courts of appeal, have adopted the Second Circuit's approach. *See Lynch v. Custom Welding & Repair, Inc.*, 142 F. Supp. 3d 814, 821 (N.D. Iowa 2015); *Crandall v. Miller & Stevens, P.A.*, No. 20-cv-1793 (ECT/LIB), 2021 WL 4595535, at *4 (D. Minn. Oct. 6, 2021); *James v. Wadas*, 724 F.3d 1312, 1318 (10th Cir. 2013); *cf. Hester v. Graham, Bright & Smith, P.C.*, 289 Fed. Appx. 35, 42-43 (5th Cir. 2008) (citing *Goldstein* approvingly and considering similar factors); *Bates v. Green Farms Condo. Assoc.*, 958 F.3d 470, 481 (6th Cir. 2020) (citing *Goldstein* approvingly and finding that "the complaint nowhere asserts any facts about [the attorney's] general legal practice, about the types of cases it typically handles, or about the types of clients it usually serves"); *Oppong v. First Union Mortg. Corp.*, 215 Fed. Appx. 114, 119-20 (3d Cir. 2007).

Defendant argues that Plaintiffs have only "identified a single letter transmitted by Defendant," but they "have not identified any other instance where Defendant has submitted such letters or any facts to support a conclusion that Defendant's law practice has a great volume of collection efforts or that Defendant's law practice would cease to exist if it did not engage in collection activities." (Doc. 16 at 8.) Defendant relies on a district court case which concluded that because the defendant averaged less than two collection matters per year which comprised less than one percent of his practice, that the defendant's collection efforts were "irregular and an insubstantial part of his legal practice." *Mertes v. Devitt*, 734 F. Supp. 872, 874-75 (W.D. Wis. 1990). However, the district court arrived at that conclusion in ruling on the defendant's motion

for summary judgment after the parties had benefited from the completion of discovery. The district court was therefore in a better position to consider the highly fact-specific factors implicated in determining whether an attorney regularly engages in debt collection activity within the meaning of § 1692a(6) of the FDCPA. *See Walsh v. Mark S. Ricciardi, Esq., P.C.*, No. 20-cv-01482 (JS) (ST), 2021 WL 2554052, at *3 (E.D.N.Y. June 4, 2021), *report and recommendation adopted*, 2021 WL 2550647 (E.D.N.Y. June 22, 2021) ("there is virtually no meaningful way that a plaintiff would have access to the type of factual information necessary for a *Goldstein* inquiry absent discovery.").

The Court finds that at this early motion to dismiss stage, Plaintiffs have alleged enough facts permitting the inference that Defendant was regularly engaged in debt collection activity within the meaning of 15 U.S.C. § 1692a(6). Construing Plaintiffs' amended complaint liberally and viewing the facts alleged in the light most favorable to Plaintiffs, the allegations that Defendant provides legal services for the purpose of collecting debts; that his legal practice entails bankruptcy actions and creditor representation; and his clientele includes companies (i.e., utility companies) which have "customer base[s] that would have the need of legal services for debt collection of delinquent customers" are sufficient to support a reasonable inference that Defendant regularly collected or attempted to collect debts for purposes of a motion to dismiss. *Cf. Molloy v. Primus Auto. Fin. Servs.*, 247 B.R. 804, 821 (C.D. Cal. 2000) (plaintiff's allegation that defendant "is in the business of . . . collecting monies" was sufficient to allege defendant was a debt collector within meaning of the FDCPA). Whether this activity proves to be "regular" under the fact-specific factors identified above is a question more appropriately addressed after discovery. *Walsh*, 2021 WL 2554052, at *3.

Defendant's motion to dismiss Plaintiffs' 15 U.S.C. § 1692g claim for failure to state a claim is therefore **DENIED**.

7

Case 5:23-cv-06128-RK    Document 27    Filed 09/03/24    Page 7 of 8

## Conclusion

After careful consideration and for the reasons explained above, the Court **ORDERS** as follows: (1) Defendant's motion to dismiss Plaintiffs' amended complaint based on expiration of the statute of limitations is **GRANTED in part** as to Plaintiffs' Initial Communication claims (15 U.S.C. §§ 1692e(11) and 1692c(b))—which are **DISMISSED with prejudice**—and is **DENIED** as to Plaintiffs' 15 U.S.C. § 1692g claim; and (2) Defendant's motion to dismiss Plaintiffs' 15 U.S.C. § 1692g claim for failure to state a claim is **DENIED**.

  **IT IS SO ORDERED**.

               s/ Roseann A. Ketchmark
               ROSEANN A. KETCHMARK, JUDGE
               UNITED STATES DISTRICT COURT

DATED: September 3, 2024